## Carroll's Estate.

*Insolvent estates—Distribution—Preferred claims—Order of preference—Claim of Commonwealth for maintenance—Claims of municipal hospital and nurse—Act of June 1, 1915, and Fiduciaries Act of 1917.*

1. The Act of June 1, 1915, P. L. 661, which gives preference to claims of the Commonwealth for maintenance of persons in State institutions, is not repealed by the Fiduciaries Act of June 7, 1917, P. L. 447, providing that debts due the Commonwealth shall be paid last.

2. Under the Act of June 1, 1915, P. L. 661, at the audit of an insolvent decedent's estate, the claim of the Commonwealth for maintenance of decedent in a State hospital was given preference over the claim of a nurse for services prior to decedent's removal to the State institution.

3. A municipal hospital's claim against an insolvent decedent's estate has no preference, and must share with general creditors *pro rata*.

Audit and distribution. O. C. Allegheny Co., Nov. T., 1921, No. 70.

*Ed. B. Scull*, for accountant; *George Weil*, for Commonwealth.

MILLER, P. J., Dec. 23, 1921.—The question is the priority, if any, as between three several claims, the respective amounts of which are not disputed, the balance not being sufficient to pay all the claims in full.

The Commonwealth of Pennsylvania's claim is for $162.50, covering payments made by it to the Mayview Hospital of the City of Pittsburgh for the care and maintenance of the decedent there. The Mayview Hospital of the City of Pittsburgh presents a claim in a like amount for said period and for said services.

Anna B. Carroll presents a claim for $1529.70 for care, maintenance, medical attention, etc., paid by her for the decedent while at Dixmont Hospital prior to her removal to Mayview.

Carroll's Estate.

Section 6 of the Act of June 1, 1915, P. L. 661, provides that claims of the Commonwealth for maintenance of persons confined in the various institutions of the State shall, on distribution, take precedence after other claims which by law now have a preference, and before the claims of general creditors. Under this act the claim of the Commonwealth has precedence and must first be paid in full. It is urged, in this connection, that the Fiduciaries Act of June 7, 1917, P. L. 447, providing that debts due the Commonwealth shall be paid last, supersedes the Act of 1915, above set forth. This view cannot be sustained. The Act of 1917 is a re-enactment of the Act of 1834, and relates to the postponement of the Commonwealth's claims as last to be paid to tax due from an estate, where such a tax is assessable. The Act of 1915, which is a special act, is not repealed by the Act of 1917 by direct reference, and cannot be said to be repealed under the general clause repealing acts inconsistent therewith.

There is no preference given to the claim of the Mayview Hospital of the City of Pittsburgh, such as is distinctly provided for in reference to the claims of the Commonwealth. In the absence of any such specific preference, it must follow that the claim of the Mayview Hospital of the City of Pittsburgh must be treated as a common debt, and, therefore, it must share with the other claim *pro rata*. Let the decree be prepared accordingly.

From Edwin L. Mattern, Pittsburgh, Pa.